Kirkpatrick, C. J.
— This is an action of debt upon bond, conditioned for the faithful performance of the office of constable.
It is brought in the name of “the inhabitants of the township of Woolwich, in the county of Gloucester,” being their name of incorporation, against Jachonias Forrest, and his sureties.
Upon oyer of the bond, it appears to be made to “ the inhabitants of the township of Woolwich,” omitting the other part of the corporate name, viz.: “ in the county of Gloucester and to have for its condition, that the said Jachonias Forrest, shall lawfully execute and [*] discharge all the duties enjoined upon him as constable agreeable to law.
The act of the Legislature which requires constables [85] to give bond and security, directs that the condition shall be for the true and faithful performance of all the duties enjoined upon him by that act, and not of all the duties enjoined upon him as constable agreeable to law.
And for these two causes, to wit, that the bond is not given to the township by its true name of incorporation, and because the condition is more extensive than the act requires, it is demurred to, and there is a joinder in demurrer.
1st. As to the latter of the causes, to wit, that the condition of the bond is more extensive than the act requires; it *108 does not appear to me to have much weight. It may be considered as a bond merely voluntary, to secure to the township, the faithful discharge of this office. And surely there can be nothing in this contrary to law, to reason, or to sound policy. I apprehend, some confusion has arisen from likening this to certain other official bonds, such as bail bonds and others, where the condition is expressly prescribed by law, and all others declared to be void. But that is not the case here. There is no such prohibitory or nullifying clause in the act. It is a voluntary bond for a lawful purpose, for securing the performance of an important and necessary office; and as such, I think it cannot be impugned in the law.
2d. As to the corporate name. It is certain that corporations; as well as natural persons, must appear in courts by their proper names. And, therefore, if this suit had been in the name of “ The inhabitants of the township of Woolwich,” without adding the words “ in the county of Gloucester,” I should have thought it error.
But the same nicety is not required in grants, obligations, &c., as in pleadings. According to Co. L. 3a, a natural person may purchase by a description of the person, [*] without either the name of baptism or surname. So 10 Co. 1247, in grants and conveyances to a corporation it is sufficient if the name in re et sensu be used, though not in verbis. Bac. Ah. 503. John, Abbot of N. granted by the name of William, Abbot of N., and this was held good; but if it had been so in a writ or other pleading, it had been fatal.
The result seems to be, that as in grants to natural persons, a description which designates the person is sufficient, so in grants and obligation to a corporation, if it be named and described in such way as to identify it and distinguish it, in the common understanding of men, from all others, the grant will be good.
But then, it appears to me, to be essential, in all these cases of variance, that it should be averred in the pleadings that *109 the person or corporation described [86] in the grant, is the same with that named in the writ. If an obligation be to the eldest son of John Styles, of Trenton, Esquire, and a suit thereupon be brought in the name of Richard Styles, of Burlington, merchant, if it must be set forth and averred in the pleadings, that this Richard Styles, is the eldest son of John Styles, of Trenton, Esquire, or that the obligation was made to him under the name and description of the eldest son of John Styles, of Trenton, Esquire, or words to that effect. And so it is also in the case of a corporation. And in this sense, I understand Co. L. 3a.
This is not done here, and without it, it does not sufficiently appear, that the corporation to whom the obligation is made, is the same that is named in the writ.[1] For this reason, I think there must be judgment for the demurrant.
Rossell, J. — Concurred.
Pennington, J.
— It is clear that the bond declared on by the plaintiff, was not made in conformity to the fifty-second section of the act entitled “An act constituting courts for the trial of small causes.” For besides the misnaming the corporation, the condition of the [*] bond is substantially different from the condition required by the act.
It is, however, said by the counsel for the plaintiffs, that even if the statute hath not been pursued, yet that the bond is good at common law. Independent of the statute, I should incline to think, that a township, on the election of a town officer, might lawfully take a bond of him with sureties, for the faithful performance of the duties of his office, in case he voluntarily entered into it. But where there is a statute provision on the same subject matter, the statute ought to be pursued. After a constable is elected, or appointed into office, he is required by law to repair to the township committee, and on security being required of him, he is commanded to enter into bond to the inhabitants of the township, with one *110 or more sureties, to be approved of by the township committee, and in such sum as they shall direct. In case he neglects to do this, he is not qualified to execute his office, and also liable to a penalty for non-performance. By the record, it appears that the defendant, Jachonias Forrest, five days after he was elected constable, entered into bond to the inhabitants of the town, for the faithful performance of his office, with the other defendants in security, in a large sum of money. It is, therefore, to be intended, as I apprehend, that this bond Avas taken by the township committee, [87] by color of the act. If it is correct to presume this fact, no doubt can be entertained but that the bond is void. A township committee, under color of laAvful authority, extorts from a constable before they will permit him to exercise an office, to which he is elected by the people, and in Avhich he is compelled to serve under a penalty, a condition Avhich.they are not authorized by laAV to exact from him. The constable must either “give up the advantages and emoluments of his office, and expose himself to punishment, or submit to the terms imposed on him by the toAvn committee — a bond so obtained, cannot meet Avith countenance in a court of justice.
But as doubts may be entertained as to the correctness [*] of the construction which I have given the record, I shall put my opinion on another point. At common law, a grant, lease or obligation made to a corporation, must be made to them in their corporate name. It is true, there is a distinction in this respect between writs and grants, &c. Any variance from the name of the corporation, in a writ, whether in form or substance, will vitiate it; not so in a grant, lease, or obligation. For in the latter, an immaterial variance in a syllable or word, not changing the substance, will not render the instrument ineffectual; but the least variance in substance, will. This distinction betAveen form and substance, is fully recognized in the case of the Mayor and Burgesses of Lynne Regis, 10 Coke, 123, and runs *111 through all the cases there cited. The reason of the distinction between writs and grants, is founded on good sense. If a writ is erroneous, it may be abated and a new one taken out. But there is not the same remedy in case of grants; errors in them are fatal. Hence judges have strained a point to uphold them against mere formal defects; but they have not yet been bold enough to protect them against substantial errors. If in the present case, the bond had been to the inhabitants of the town of Woolwich, in the county of Gloucester, making use of the word town in the room of township, this error would be fatal in a writ; but as the variance would be only verbal, it would not vitiate the bond. But the defect, as I apprehend, might be corrected by proper averments — that the words town and township, were substantially the same thing; when the fact might be proved by evidence dehors the instrument. But the omission here is matter of substance, and cannot be got over; the county in which the township is situate, being part of the name of the corporation, is a material and substantial part; the want of it leaves the instrument too vague and uncertain for judicial cognizance. My opinion therefore, is, that the defendants must [88] have judgment.
By the Court. — Judgment for the defendants.
Explained in Inhab. of Middletown v. McCormick. 2 Penn. 500 Distinguished in Baptist Ch., Lower Alloways v. Mulford, 3 Halst. 182. Cited in Inhab. of Upper Alloways v. String, 5 Halst. 323; Vroom v. Smith's Lx. 2 Green, 479; Den, Cairns v. Hay, 1. Zab. 174; Mayor &c. Hoboken v. Harrison, 1 Vr. 73; Ordinary v. Cooley. 1 Vr. 179; Ordinary v. Heishon, 13 Vr. 18; Hoboken Building Assoc. v. Martin, 2 Beas. 427;

 Vide post, 500; 5 Halst. Angell v. Ames.. — Ed.